FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 2 0 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01372-ZLW

BYRON GAY,

    Plaintiff,

v.

DANNY ROJAS,
KRIS KRONCKE, et al.,
JOHN DOES 1 THROUGH 5 (Police Officers), and
OTHERS TO BE NAMED LATER,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff, Byron Gay, has filed *pro se* on May 16, 2011, a "Motion to Re-Commence Civil Rights Complaint Without Sanctions." The Court must construe the motion liberally because Mr. Gay is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). Because the instant action has been dismissed, the Court will construe the motion liberally as a motion to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on October 6, 2010. For the reasons stated below, the liberally construed motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). Therefore, because the liberally construed motion to reconsider filed by Mr. Gay was filed more than twenty-eight days after the Judgment was entered in this action, the motion will be considered pursuant to Fed. R. Civ. P. 60(b). *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed after ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 60(b) motion). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action without prejudice because Mr. Gay failed to comply with the filing fee payment requirements of 28 U.S.C. § 1915(b)(2) and the orders directing him to make monthly filing fee payments. On June 23, 2010, Mr. Gay was granted leave to proceed *in forma pauperis* pursuant to § 1915 in this action. On July 16, 2010, Mr. Gay was allowed to proceed without payment of an initial partial filing fee. However, Mr. Gay was directed in the June 23 and July 16 orders that he must make monthly filing fee payments until the entire filing fee was paid. In the event that he lacked sufficient income and assets to make the monthly filing fee payments, Mr. Gay was directed to show cause each month why he was not required to make a monthly filing fee payment. In order to show cause, Mr. Gay was directed to file a certified copy of his inmate trust fund account statement. At the time the Court dismissed the instant action on October 6, 2010, Mr. Gay had not made any monthly filing fee payments and he had not shown cause why he was unable to make the

monthly filing fee payments.

Mr. Gay alleges in the liberally construed motion to reconsider that

> the Court is well aware the plaintiff was in the process of (2) two trials, where at one point, when after I was erroneously found guilty and moved to the Department of Corrections (DOC), my legal mail (which by law should be forwarded within the DOC), was allegedly sent back to the Court. (With the word "released on the envelope"). This mail contained a 45 day extension of time to amend my complaint.
>
> 3. I then received a[n] "order of dismissal" dated October 6, 2010[,] from United States District Judge Christine M[.] Arguello. Because I had already been transfer[r]ed to a correctional facility, I did not receive this mail until October 20, 2010.
>
> It should be noted that I was in pre-trial and trial during the month of October.

(Doc. #14 at 2.) Mr. Gay also has submitted to the Court with the liberally construed motion to reconsider a certified copy of his inmate trust fund account statement for the period from November 1, 2010, through May 10, 2011. Finally, Mr. Gay also addresses the merits of his claims in the motion to reconsider, but those issues are not relevant to the reason the instant action was dismissed.

On consideration of the liberally construed motion to reconsider and the entire file, the Court finds that the motion must be denied. Mr. Gay fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Mr. Gay fails to provide any justification for his failure to comply with the filing fee payment requirements of § 1915(a)(2) and the orders directing him to make monthly filing fee payments. Mr. Gay is correct that a copy of an August 12, 2010 minute order granting him an extension of time to file an

3

amended complaint was returned to the Court undelivered on August 19, 2010, but he does not allege that he was unaware of his obligation to make monthly filing fee payments during that period of time. Furthermore, the account statement Mr. Gay has submitted to the Court with the liberally construed motion to reconsider does not demonstrate that he lacked sufficient funds to make monthly filing fee payments before the instant action was dismissed in October 2010. Finally, Mr. Gay fails to explain why he has waited seven months to file a motion to reconsider.

For all of these reasons, the liberally construed motion to reconsider will be denied. Mr. Gay is reminded, however, that the Court dismissed the instant action without prejudice. Therefore, if Mr. Gay wishes to pursue his claims, he may do so by filing a new action. Accordingly, it is

ORDERED that the "Motion to Re-Commence Civil Rights Complaint Without Sanctions" filed on May 16, 2011, is denied.

DATED at Denver, Colorado, this __20th__ day of ____May____, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01372-BNB

Byron Gay
Prisoner No. 57321
Fremont Correctional Facility
PO Box 999
Cañon City, CO 81215

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on May 20, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk